702 A.2d 1006

IN THE MATTER OF ROBERT S. SUSSER,
AN ATTORNEY AT LAW.

November 18, 1997.

## ORDER

The Disciplinary Review Board (DRB), having filed a report with the Court on December 28, 1995, recommending that **ROB-**

ERT S. SUSSER of RED BANK, who was admitted to the bar of this State in 1979, be disbarred pursuant to *In re Hollendonner,* 102 *N.J.* 21, 504 *A.*2d 1174 (1985), for prematurely releasing escrow funds to a developer-seller of real estate in which entity respondent had a financial interest, and for having misrepresented the status of the escrow funds to an attorney for the buyer, and three members of the DRB having voted instead to impose a six-month suspension for respondent's violation of the escrow account and misrepresentation to the attorney concerning the status of the money in the account;

And the Court after issuing an Order to Show Cause and hearing argument in the matter on March 12, 1996, having directed the DRB to proceed with the investigation and disposition of three other grievances against respondent that had been administratively dismissed by the DRB pursuant to *Rule* 1:20–3(h) in light of the DRB's recommendation of disbarment;

And the Court having received and reviewed the report of the Special Master in connection with certain of those grievances and other matters that came to the attention of the Special Presenter assigned to investigate these grievances;

And the Court having determined that the dissenting members of the DRB correctly construed prior precedent as set forth in *In re Spizz,* 140 *N.J.* 38, 656 *A.*2d 1265 (1995), and *In re Flayer,* 130 *N.J.* 21, 611 *A.*2d 1111 (1992), that an early release of escrow funds to a party to the escrow agreement does not invariably result in disbarment when the attorney has reasonable grounds to believe that the purposes of the escrow have been completed and the circumstances do not otherwise demonstrate that the attorney has "made a knowing misappropriation" of the funds within the meaning of *In re Wilson,* 81 *N.J.* 451, 409 *A.*2d 1153 (1979), and *In re Hollendonner, supra;*

And the Court having determined that the unauthorized release of the funds and the misrepresentation to the purchaser's attorney warrant substantial discipline and that the other matters that have

been the subject of the presentation by the Special Master should be considered by the DRB;

And good cause appearing;

It is ORDERED that **ROBERT S. SUSSER** be suspended from the practice of law for a period of three years, effective December 10, 1997, and until further Order of the Court; and it is further

ORDERED that **ROBERT S. SUSSER** is hereby restrained from practicing law during the period of suspension and that he comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that respondent not be restored to the practice of law until the conclusion of the ethics proceedings against him; and it is further

ORDERED that as soon as may be practicable during said three-year period, the Office of Attorney Ethics (OAE) and the DRB shall complete the investigation and consideration of any open ethics matters involving respondent, including the *Lyden* grievance, the *Van Sciver* grievance that is sought to be reinstated, and any other grievances the OAE determines should be docketed; and it is further

ORDERED that on receipt of the investigative report from the Attorney General regarding the *Lyden* grievance, the OAE shall, if appropriate, file a formal complaint and present the matter to a Special Master, to the DRB, and, if necessary, to the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that **ROBERT S. SUSSER** reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.